## The I. F. & S. C. R. Co. v. Plymouth Co.

**Taxation:** LAND GRANT. The condition of a land grant to a railroad was that, upon the completion of a certain number of miles, a patent should be issued by the Governor; such patent was issued in July, 1871, and in the absence of fraudulent concealment upon the part of the railroad company to prevent an earlier issuance of the patent, *held*, that the lands were not taxable for the year 1871.

*Appeal from Plymouth District Court.*

WEDNESDAY, JUNE 16.

THIS is an action in equity to enjoin the collection of taxes upon certain lands of plaintiff, for the years 1870 and 1871, upon the ground that they were not subject to taxation for those years, because the patents therefor, were not made to plaintiff by the Governor until July 1871, and the road was not completed nor the lands earned until that time, and the partition of the lands of the grant between the plaintiff, the D. & S. C. R. R. Co., and the Tete de Morts Branch Company, was not made until the year 1871, prior to which the lands were not susceptible of identification. A temporary writ of injunction was allowed and duly served.

VOL. XL.—39

The answer alleges that the whole road was completed prior to January 1st, 1871, and that fifty miles were completed, and operated from Sioux City eastward, prior to the 1st day of January, 1870, and that plaintiff was the owner of the lands, prior to the last named date.

The answer further alleges that the plaintiff, by fraud and artifice practiced upon the Governor, concealed the true condition of its road, and thus delayed the obtaining of patents.

Upon the hearing the court found that the lands were not taxable for the year 1870, and that they were taxable for the year 1871, and the injunction restraining the collection of the taxes for the year 1871 was dissolved. Plaintiff appeals.

*E. S. Bailey* and *N. M. Hubbard*, for appellant.

*Tredway & Clelland* and *Clark & Curtis*, for appellees.

DAY, J.—This case in its material facts does not differ from the cases of the same plaintiff against Cherokee county, December Term, 1873, and the same plaintiff against Woodbury county, 38 Iowa, 498. The patent of the Governor to plaintiff, for the lands in controversy, is dated July 5th, 1871.

There is an entire absence of proof that any fraud was practiced upon the Governor, to conceal the condition of the road, or to prevent the issue of a patent.

The proof shows that the Governor patented the lands, as soon as he became satisfied that plaintiff was entitled to them under the law.

In his deposition Governor Samuel Merrill says: "I think I patented to the Iowa Falls & Sioux City R. R. Co., the lands to which they were entitled, as soon as they had complied with the law, and I had made a division of the lands of the grant as required by law, between the companies, and as soon as the question relative to the applicability of chapter 153, of the Acts of 1862, had been settled to my satisfaction by the opinions of the Attorney General."

A letter of the Governor's private secretary, to the treasurer of Woodbury county, dated November 21st, 1870, offered in evidence by defendant, says: "The Governor directs me to

state that he stands ready to patent the lands for the forty miles eastward from Sioux City, as soon as the companies interested in the line from Dubuque to Sioux City shall have complied with the requirements of the law \* .\* \* \* \* . The law whose requirements now stand in the way of the patenting of the lands is chapter 153, of the Acts of the Ninth General Assembly, which provides for the relinquishment by the company of all claim for swamp lands, school lands and Des Moines River lands."

On the 18th day of November, 1870, three days prior to the writing of the above communication, the Attorney General advised the executive department that chapter 153, laws Ninth General Assembly, providing that the Dubuque and Sioux City Railroad Company should not be entitled to receive any certificate for lands on the line of its road, until it executed a release of all swamp and overflowed lands and certain other lands, was still in force, and applicable to the present plaintiff. It is clear, from the whole testimony in the case, that the patents were not withheld on account of any concealment or fraudulent practice of plaintiff, but, amongst other things, because of the failure of plaintiff to comply with the provisions of the above statute. It was not until the 6th of March, 1871, that the Attorney General reviewed the grounds of his former opinion, and advised the executive that the provisions of the above chapter were not applicable to plaintiff. The uncertainty as to the requirements of the law, and the necessity of making a division of the lands of the grant, between the companies entitled to respective portions thereof, caused the delay in the issuance of the patents. The plaintiff is not responsible for either of these causes, nor for their consequences. Following the two cases above mentioned, the judgment of the court, holding the lands in question taxable for the year 1871, is

REVERSED.